```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
PATRICK MCCALL,

                    Plaintiff,
                                        MEMORANDUM & ORDER
          -against-                     14-CV-2520(JS)(SIL)

BROSNAN RISK CONSULTANTS, LTD. and
PATRICK J. BROSNAN, individually,[1]

                    Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:     Kenneth L. Robinson, Esq.
                   Robert T. Neuner, Esq.[2]
                   Robinson & Associates, P.C.
                   35 Roosevelt Avenue
                   Syosset, New York 11791

For Defendants:    Michael N. Morea, Esq.
                   Cole Schotz
                   1325 Avenue of the Americas, 19th Floor
                   New York, NY 10019
```

SEYBERT, District Judge:

        Plaintiff Patrick McCall ("Plaintiff") has requested judicial approval of the parties' Settlement Agreement in this Fair Labor Standards Act ("FLSA") action (the "Proposed

---

[1] The Court's review of the docket reveals that the defendants' correct names are Brosnan Risk Consultants, Ltr. And Patrick J. Brosnan. The Clerk of the Court is directed to correct the docket accordingly.

[2] Mr. Neuner's attorney declaration states that he is a "former associate of Robinson & Associates, P.C." and "former counsel to Plaintiff." (Neuner's Decl., Docket Entry 30.) However, Plaintiff's only attorneys of record in this action are Robinson & Associates, P.C. If Mr. Neuner is representing Plaintiff separately from Robinson & Associates, he must file a Notice of Appearance with updated contact information.

Agreement"). For the following reasons, the Court declines to approve the Proposed Agreement.

BACKGROUND

Briefly, on April 21, 2014, Plaintiff commenced this action against defendants Brosnan Risk Consultants, Ltd. and Patrick J. Brosnan (collectively, "Defendants"), asserting claims under the FLSA. (See generally Compl., Docket Entry 1.) Plaintiff subsequently filed an Amended Complaint that included an additional claim pursuant to New York Labor Law. (Am. Compl., Docket Entry 13.) Defendants asserted counterclaims for unjust enrichment and fraud. (Am. Ans., Docket Entry 25.)

On August 31, 2015, Plaintiff filed a Stipulation of Dismissal with prejudice with respect to all claims and counterclaims in this action. (Docket Entry 27.) On October 22, 2015, the Court issued an Order to Show Cause directing the parties to file a copy of their settlement agreement on the public docket and demonstrate why the proposed settlement is fair and reasonable (the "Order to Show Cause"). (Order to Show Cause, Docket Entry 28.) In response, Plaintiff filed two submissions: (1) a sealed attorney declaration that attaches the Proposed Agreement as an exhibit (Docket Entry 29); and (2) an unsealed attorney declaration that does not include a copy of the Proposed Agreement. (Docket Entry 30.)

DISCUSSION

The Second Circuit has held that stipulated dismissals settling FLSA claims pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(iii) must be approved by the District Court or Department of Labor. Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199, 206 (2d Cir. 2015). As a result, "settlement agreements in FLSA cases are judicial documents to which a presumption of public access applies." Martinez v. Ragtime Foods of N.Y., Inc., No. 11-CV-1483, 2011 WL 5508972, at *1 (E.D.N.Y. Nov. 10, 2011). Accord Mosquera v. Masada Auto Sales, Ltd., No. 09-CV-4935, 2011 WL 282327, at *1 (E.D.N.Y. Jan. 25, 2011) (collecting cases). To overcome this presumption, "the parties must make a substantial showing of need for the terms of their settlement to contain a confidentiality provision." Mosquera, 2011 WL 282327, at *2.

The Court's Order to Show Cause expressly directed the parties to file a copy of their settlement agreement on the public docket in light of the presumption of public access that applies to FLSA settlement agreements. (See Order to Show Cause.) Instead, Plaintiff has filed the Proposed Agreement under seal without making any showing as to why this agreement should not be publicly filed. (See generally Pl.'s Decl., Docket Entries 29 and 30.) Accordingly, the Court declines to approve the Proposed Agreement because it was not filed on the public docket.

The Court has reviewed the parties' Proposed Agreement filed under seal. Notwithstanding the parties' failure to file this agreement on the public docket, the Court declines to approve it in its present form. The Proposed Agreement contains a confidentiality provision; however, as previously noted, the parties have failed to make a compelling showing sufficient to overcome the presumption of public access afforded to FLSA settlement agreements. (See Prop. Agmt., Docket Entry 29-1, ¶ 5.) See, e.g., Kang Ming Sun v. Guang Jun Li, No. 13-CV-8507, 2015 WL 6125710, at *1 (S.D.N.Y. Sept. 15, 2015) (Declining to approve the FLSA settlement agreement and holding that "the confidentiality provision prohibiting the parties from sharing any information about the settlement other than for tax or legal purposes. . . is contrary to well-established public policy."); Mosquera, 2011 WL 282327, at *2 (Declining to approve the FLSA settlement agreement where the parties failed to "make a substantial showing of a need for the terms of their settlement to contain a confidentiality provision [ ] to overcome the factors weighing in favor of public access.").

Additionally, District Courts in this Circuit have declined to approve FLSA agreements containing releases that "are far too sweeping to be fair and reasonable." Alvarez v. Michael Anthony George Const. Corp., No. 11-CV-1012, 2015 WL 3646663, at *2 (E.D.N.Y. Jun. 10, 2015) (Holding that the settlement

4

agreement's release was too "sweeping" where it "purport[ed] to waive any possible claim against the defendants."). Indeed, wide-ranging releases are particularly problematic in FLSA cases because "[i]n effect, the employer requests a pervasive release in order to transfer to the employee the risk of extinguishing an unknown claim . . . [but] an employer is not entitled to use an FLSA claim . . . to leverage a release from liability unconnected to the FLSA." Camacho v. Ess-A-Bagel, Inc., No. 14-CV-2592, 2014 WL 6985633, at *4 (S.D.N.Y. Dec. 11, 2014) (internal quotation marks and citation omitted; second ellipsis in original). Here, the Court finds that the Proposed Agreement contains an overbroad release of claims that is not limited to matters addressed in this action. (Prop. Agmt. ¶ 2(a).) Accordingly, this "sweeping" release of claims is wholly unreasonable. See Alvarez, 2015 WL 3646663, at *2. Accord Kang Ming Sun, 2015 WL 6125710, at *1.

CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's request for approval of the Proposed Agreement. The parties are directed to proceed in one of three ways: (1) the parties may file a revised Agreement that does not include a confidentiality provision and a "sweeping" general release on the public docket; (2) the parties may submit a joint letter for in camera inspection that explains why the Court should approve the Proposed Agreement, either in its present form or with a modified confidentiality

5

provision or release; or (3) the parties may file a letter indicating their intent to abandon their settlement and continue to litigate this action.  The parties must take one of the above-mentioned actions within thirty (30) days of the date of this Order.

                              SO ORDERED.


                              /s/ JOANNA SEYBERT_____
                              Joanna Seybert, U.S.D.J.

Dated:    April __15__, 2016
          Central Islip, New York